IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FERMAN WILLIAMS, #233075,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER THOMAS, et al.<br><br>Defendants. | CASE NO. 2:26-CV-00474-BL-CWB |

**MEMORANDUM OPINION AND ORDER**

The Plaintiff, an inmate proceeding *pro se*, initiated this action by filing a complaint on this court's standard form routinely used by inmates to file a lawsuit under 42 U.S.C. § 1983. (Doc. 1). Upon review of the complaint, and for the reasons explained below, this action will be **DISMISSED** without prejudice under the court's inherent authority to manage its docket and enforce applicable rules.

The first page of this court's standard complaint form requires the Plaintiff to state whether he has filed any other lawsuits relating to his imprisonment and, if so, to list **each** of those lawsuits. (Doc. 1 at 1). The form specifically provides that, "[i]f there is more than one lawsuit," the Plaintiff must "describe the additional lawsuits on another piece of paper[.]" (*Id.*). In response, the Plaintiff disclosed only one previous lawsuit. (*Id.* at 1–2). He then signed the complaint under penalty of perjury. (*Id.* at 4).

However, despite the Plaintiff's sworn representation that he has filed only one previous lawsuit, he has in fact filed numerous previous lawsuits relating to his imprisonment. *See, e.g., Williams v. Jones, et al.*, No. 5:21-cv-736-GMB (N.D. Ala. 2021); *Williams v. Booth, et al.*, No. 2:25-cv-1605-AMM-GMB (N.D. Ala. 2025); *Williams v. Jackson, et al.*, No. 2:25-cv-1688-CLM-GMB (N.D. Ala. 2025); *Williams v. Westbrook, et al.*, No. 5:26-cv-828-HDM-GMB (N.D. Ala. 2026); *Williams v. Robinson, et al.*, No. 2:26-cv-892-LCB-GMB (N.D. Ala. 2026); *Williams v. Morgan*, No. 2:25-cv-828-RAH-CSC (M.D. Ala. 2025); *Williams v. Booth, et al.*, No. 2:25-cv-880-MHT-SMD (M.D. Ala. 2025); *Williams v. Jackson, et al.*, No. 2:25-cv-956-BL-CWB (M.D. Ala. 2025); *Williams v. Westbrook, et al.*, No. 2:26-cv-444-RAH-CWB (M.D. Ala. 2026).[1]

The Local Rules for the Middle District of Alabama provide that this court "may impose a sanction for the violation of any local rule" and that any such sanction "lie[s] within the sound discretion of the judge whose case is affected." M.D. Ala. R. 1.2. The Local Rules further provide that every *pro se* pleading by an inmate under 42 U.S.C. § 1983 must be "signed under penalty of perjury in accordance with the law" and "completely filled out." M.D. Ala. R. 9.1(a). Thus, the Plaintiff was required to fully complete the complaint form according to its instructions and affirm

[1] Some, but not all, of the above cases were transferred from the Northern District of Alabama to this court and therefore are substantively identical. That fact does not change the outcome of this order, as the Plaintiff was clearly directed to disclose each of his previous lawsuits, and he failed to do so.

under penalty of perjury that the contents therein were true and correct. By disclosing only one of countless prior lawsuits, the Plaintiff has failed to comply with this court's Local Rules, and the court has the discretion to impose an appropriate sanction.

The Plaintiff's *pro se* status does not excuse him from the obligation to be truthful with the court regarding his litigation history. The Eleventh Circuit has recently explained that, "[a]though a *pro se* litigant's filings are construed liberally, they must comply with procedural rules." *McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), and *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[A] *pro se* IFP litigant ... is subject to the relevant law and rules of court[.]")). "A district court has discretion to adopt local rules that are necessary to carry out the conduct of its business." *McNair*, 143 F.4th at 1307 (quoting *Frazier v. Heebe*, 482 U.S. 641, 645 (1987)); *see also* 28 U.S.C. § 2071; Fed. R. Civ. P. 83(a). "[L]ocal rules generally reflect the courts' traditional 'authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *McNair*, 143 F.4th at 1307 (quoting *Reese v. Herbert*, 527 F.3d 1253, 1267–68 (11th Cir. 2008)).

When a litigant fails to comply with procedural rules, this court may "dismiss a case under its 'inherent authority,' which it possesses as a means of 'manag[ing] its own docket 'so as to achieve the orderly and expeditious disposition of cases.'"

*McNair*, 143 F.4th at 1306 (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009)). "The court's power to dismiss [a case] is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *McNair*, 143 F.4th at 1306 (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). "A district court will rarely be found to have abused its discretion in dismissing [a case] without prejudice because the plaintiff is ordinarily permitted to simply refile." *McNair*, 143 F.4th at 1306 (citing *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983)).

When faced with circumstances analogous to this case, in which a prisoner litigant failed to disclose his entire litigation history when prompted on a standardized complaint form in violation of the relevant Local Rules, the Eleventh Circuit affirmed the district court's dismissal of the case without prejudice. *See McNair*, 143 F.4th at 1308. The Eleventh Circuit reasoned:

> Dismissal without prejudice was an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules. McNair violated the local rules by failing to disclose his full litigation history, as required by the duly adopted standard complaint form. We hold that the district court did not abuse its considerable discretion when it dismissed McNair's suit for failure to comply with the complaint form's explicit instructions.

*Id*.

In this case, the Plaintiff was clearly aware that he was required to disclose his entire litigation history, as that requirement is plainly stated in the very first

section of the very first page of the complaint form. (*See* Doc. 1 at 1–2). Nevertheless, he knowingly submitted a false representation, under penalty of perjury, that he had filed only one previous case related to his imprisonment. (*Id.*). As recognized by one of our sister districts:

> If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.

*Ruiz v. Osteen*, No. 3:12-cv-240, 2013 WL 5954692, at *3 (N.D. Fla. Nov. 7, 2013) (determining that the court "should not allow Plaintiff's false response to go unpunished") (citing *Harris v. Warden,* 498 F. App'x 962, 964–65 (11th Cir. 2012) and *Hood v. Tompkins,* 197 F. App'x 818, 819 (11th Cir. 2006)). Thus, the court concludes that dismissal without prejudice is an appropriate sanction for the Plaintiff's untruthful response on the complaint form.[2]

[2] "[T]he Eleventh Circuit has explained that district courts should not allow parties to cure their lack of candor with … after the fact amendments." *Jenkins v. Hutcheson*, No. 6:16-cv-59, 2016 WL 5110260, at *1 (S.D. Ga. Sept. 20, 2016) (citing *Hood*, 197 F. App'x at 819 ("[T]he district court was correct to conclude that to allow [the plaintiff] to [later] acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.")); *see also Harris*, 498 F. App'x at 964 (finding that the district court did not abuse its discretion in dismissing prisoner's complaint without allowing him to correct his failure to disclose his prior litigation history).

Accordingly, based on the foregoing, it is **ORDERED** that this case is **DISMISSED** without prejudice under the court's inherent authority to manage its docket and enforce applicable rules.[3]

Final Judgment will be entered separately.

**DONE** and **ORDERED** on this the 21st day of August, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE

[3] Numerous courts have held, as an alternative basis for dismissal, that failure to disclose one's prior litigation history warrants dismissal of the action as "malicious" under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *see also, e.g., Fanning v. Jones*, No. 13-541-KD-B, 2014 WL 31796, at *1 (S.D. Ala. Jan. 6, 2014) ("An action is deemed malicious … when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury.") (collecting cases in support). However, in *McNair*, the Eleventh Circuit explicitly declined to consider that issue. *Id.* at 1306 n.2 ("[W]e do not reach the other alternate grounds for affirmance, including Federal Rules of Civil Procedure 11 or 41. Nor do we reach the question whether the district court's dismissal should be counted as a § 1915(g) 'strike' in any future litigation."). Because the court may dismiss this case under its inherent authority to manage its own docket, the court need not determine whether the Plaintiff's untruthful responses rendered this action malicious.